**WEST GALLERY CORPORATION, a Utah Corporation, dba Gallery I Theatre, et al., Plaintiffs and Respondents,**

**v.**

**SALT LAKE CITY BOARD OF COMMISSIONERS, Defendant and Appellant.**

**No. 13963.**

Supreme Court of Utah.

July 10, 1975.

Roger F. Cutler, Salt Lake City Atty., Ray L. Montgomery, Asst. City Atty., Salt Lake City, for defendant and appellant.

Gerald H. Kinghorn and Bruce C. Lubeck, of Kinghorn, Oberhansly & O'Connell, Salt Lake City, for plaintiffs and respondents.

HENRIOD, Chief Justice:

Appeal from an order granted by the lower court enjoining the City Commission from "further proceedings until the related criminal action pending against plaintiffs have been concluded in City Court." Affirmed.

Plaintiffs operated a cinema house in which they showed, for a price, a flicker that allegedly appealed to one's prurient, japeless sensitivity, according to the U.S. Supreme Court's conception. There were neighborhood complaints about the films, which, substantiated by City peace officers' statements and others who saw them, hardly could have represented any watchword documentary dedicated to decency or any Hallmark card deifying virtue.

With this scenario, the City (after filing a criminal complaint against them) ordered the purveyors of these visual aids, on a day certain, to show cause, if any there be, why their license to do business should not be buried.

The City based its interdiction on an ordinance which the Commission had passed (followed by a rather precipitous repealer) naming the deviations from decency, which, if accomplished, well might result in crime, chaos, charge, possible penalty, and conceivable institutional penal servitude. Really, it had to do with the hoped-for demise of the turnstiles employed by the ticket-buying biological curious.

■ The order which the City says is offensive (constitutionally, because of separation of powers concepts), to proper legislative and administrative decor, succinctly said:

1) That the City, having passed Salt Lake City Ordinances, Secs. 20–20–18.1, establishing a fact finding citizens' committee to determine before a license revocation that obscenity "cannot 'deviate' therefrom in making or attempting to make such a determination."

That should be dispositive here. The City hardly can claim it could proceed and convict someone without following its own procedural requirements. It is conceded that the City did not follow its own legislative pronouncement,—and the District Court having pointed this out in its order, together with the admission of the City of its accuracy,—adds up to one inescapable conclusion,—that the City as a consequence, could not proceed in violation thereof, and that the writ issued here was apropos,—and that the City's looking askance at that part of the Court's order because it became moot by virtue of the ordinance's subsequent revocation, doesn't justify its espousal of an attack on the writ for some other reason, i. e.,

■ 2) That the District Court was in error because it interrupted a legislative power and an administrative hearing.

The suggestion of mootness on the part of the City is mute evidence that it has attempted to shift its own abortive procedures onto the shoulders of the District Court, justification enough for the issuance of the writ. The City is not hydra-headed enough as to say it must determine obscenity by a prescribed procedure which admittedly it failed to pursue in order to delicense one, but simultaneously can punish one for obscenity under some other procedure.

The City's argument seems to be a study in inconsistency. It seems to say that someone didn't do the thing right because we didn't do it right, and now we wish to right our wrong by saying that our wrong was a circumstance that does not justify the District Court in saying it was wrong, but, on the contrary, that we have some sort of Constitutional right to prevent a Court of Law from saying our wrong was not a protectable constitutional right.

Somehow an excusable neglect ogre somehow, somewhere, looms large in the wings, to be identified by the City in a devious attempt to detour a couple of fundamentals.

If it be any comfort to the City, wherein its second point on appeal is asserted, to which we subscribe, that:

The District Court has no power to review the action of the "commissioners until after their final action has been taken," we simply say that *if* the Commission has not exceeded, circumvented or ignored its conceded legislative prerogative, and has followed its constitutional tri-partite privileges under its constitutional authority,— gospelly, it is right,—but here,—the City wants us to say that the Judiciary has no right to interfere with another branch of government,—even though the latter is afield in its presumed, but unrespected undue process contention of governmental individualism, impregnability and isolation, —and we agree with the City, but not its action of inconsistency.

We think that except under the circumstances of this case, no one justifiably could say that the City could not pursue a course of conduct designed to examine facts justifying the granting of, the continuation of or the revocation of a business license for cause,—and at the same time pursue an action against someone for an alleged infraction of the law.

TUCKETT, J., concurs.

MAUGHAN, J., concurs in the result.

CROCKETT, Justice (dissenting).

I am unable to concur with the affirmance of the judgment. It is my opinion that the appellant Salt Lake City is entitled to have an adjudication of this case on the basis of the order entered by the district court at the time it was entered; and it is further my opinion that the order made and appealed from was both ill advised and beyond the proper prerogatives of that court.

The proceeding before the City Commission involved the question as to why the plaintiff's license should not be revoked. Such a determination is properly within both the duty and the prerogative of the City Commission, which it should have been not only permitted, but encouraged to discharge with dispatch. This, for the benefit of all concerned, including the public. I know of no justification whatsoever for the district court to enter an order staying the action of the City Commission until the criminal proceedings had been completed.

Three points are noted: First, whether the licenses should or should not be revoked was not necessarily dependent on the outcome of the criminal proceedings; Second, the burden of proof in the criminal proceedings is different from the unrelated proceeding before the City Commission; and Third, the criminal proceedings, for various reasons, and perhaps by appeal or otherwise, may well be delayed and protracted and thus unjustifiably delay the Commission from performing its duty.

ELLETT, J., concurs in the dissenting opinion of CROCKETT, J.